**Concurring opinion issued December 6, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-17-00920-CR**
**NO. 01-17-00921-CR**
**NO. 01-17-00922-CR**

———————————

**JAMES DOYLE COLLINS, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Case Nos. 76666-CR, 76667-CR, 76668-CR**

---

**CONCURRING OPINION**

This is a straightforward two-issue appeal. The questions are whether there is sufficient evidence to support the appellant's convictions on three counts of child pornography, and whether appellant's confession should have been suppressed. The

analysis is not difficult. I concur in the fundamental legal analysis and in the judgments affirming the convictions.

That said, I cannot join the court's unnecessarily lurid opinion. I do not agree that it is necessary to catalogue the vile evidence of appellant's possession of child pornography in gratuitous detail, in a manner that effectively creates an atlas of potential kiddie-porn internet searches. If divulging such details were necessary to performing our function as appellate court, I would not disagree with describing the factual background sufficiently to facilitate the appropriate legal analysis. But in these appeals, the lewd particulars add nothing to the analysis of the sufficiency of the evidence. *The appellant admitted to viewing and downloading child pornography!*

The detailed identification of particular file-sharing networks, search terms, and sexually explicit file names is unnecessary to inform the litigants and the public of the legal reasoning that supports our conclusion. I concur solely in the judgment.


Michael Massengale
Justice

Panel consists of Justices Jennings, Higley, and Massengale.

Justice Massengale, concurring solely in the judgment.

Do not publish. TEX. R. APP. P. 47.2(b).


2